HERNÁNDEZ *v.* BLANCO ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 664.—Resuelto en mayo 5, 1911.

COSTAS—SUSPENSIÓN DEL JUICIO—ORDENES INAPELABLES.—La imposición de costas como condición previa para la suspensión de la vista de un pleito descansa en la facultad discrecional que el artículo 335 del Código de Enjuiciamiento Civil concede a las cortes, y tales costas no están incluídas en la ley de costas de marzo 12, 1908, que se refiere únicamente a las costas nacidas del término del pleito por sentencia definitiva, y contra la imposición de aquellas costas, la ley no concede recurso de apelación.

ID.—DESISTIMIENTO DE UNA DEMANDA—REGISTRO DE LA SENTENCIA DE DESISTIMIENTO—SENTENCIA DEFINITIVA.—Desistida una demanda por el demandante, y dictada por el tribunal una orden teniendo al demandante por desistido de su acción con las costas, tal orden no es definitiva ni pone término al asunto mientras no se registre una sentencia, y hasta que se cumpla este requisito no tiene facultades la corte para hacer imposición de costas.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de los apelados: *Sr. José Benet.*

El Juez Asociado, Sr. Aldrey, emitió la opinión del tribunal.

El demandante y apelante seguía pleito contra los demandados ante la Corte de Distrito de Mayagüez para que se anulase cierta escritura de préstamo hipotecario por dos mil pesos.

Señalado el día 13 de agosto de 1910 para la vista del juicio, el demandante solicitó la suspensión, oponiéndose los demandados, quienes interesaron que si se acordaba, consignara el demandante los gastos en que ellos habían incurrido; y la corte por su orden del mismo día decretó la suspensión y que el demandante satisficiera a los demandados las costas originadas.

En consecuencia, a los diez días presentaron los demandados su *memorandum* por esas costas, ascendentes a $37.70 y habiéndolo impugnado el demandante, la corte después de oir a las partes resolvió en 31 de agosto de 1910 aprobarlo solamente en cuanto a $7.70, contra cuya resolución el demandante estableció recurso de apelación para ante esta corte, a los efectos del que proceda en su día contra la sentencia definitiva, según su escrito de 2 de septiembre siguiente.

Posteriormente, el demandante desistió de continuar el pleito, y en 25 de noviembre de ese año, la corte lo tuvo por desistido a su perjuicio y con las costas. De la transcripción de autos no consta que se haya dictado ni registrado sentencia de desistimiento.

Cuatro días después de esa resolución presentaron los demandados otro *memorandum* de costas que alcanzaba a $85, sin incluir los $7.70 concedidos anteriormente.

Este *memorandum* también fué impugnado por el demandante y habiendo las partes sometido la cuestión a la corte, ésta resolvió en 12 de diciembre, reformándolo para que el demandante solo pagara $76.15.

De esta última resolución también apeló el demandante en escrito de 15 de diciembre último.

Ambas apelaciones han sido presentadas juntas ante esta Corte Suprema el día 1°. de febrero de este año, en una transcripción de autos, con la misma relación de hechos y en un solo alegato de errores han sido tratadas.

De lo relacionado claramente se ve que se trata de dos apelaciones distintas, una contra resolución de 31 de agosto y otra de la de 12 de diciembre de 1910.

La primera resolución sobre costas es consecuencia de la facultad discrecional que el artículo 335 del Código de Enjuiciamiento Civil concede a las cortes para imponer condiciones para la suspensión de la vista de los pleitos, en los términos que creyeren justos, y por tanto, las costas o indemnización concedidas por ese motivo no son aquellas a que se refiere la ley aprobada en 12 de marzo de 1908 para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil, nacidas de la terminación del asunto por sentencia definitiva o decisión que le ponga término, que son para las que dicha ley concede apelación.

Pudo la corte haber fijado la cantidad que estimara conveniente y justa como condición de la suspensión y ordenar su pago, so pena de continuar la vista del asunto, sin que fuera apelable esa resolución porque la ley no autoriza tal apelación.

En cuanto a la segunda, fué tomada contra la resolución de la corte inferior que fijó la cantidad de costas que el demandante debía pagar como consecuencia de su desistimiento de la acción; y el derecho a cobrarlas y a que se fijen por la corte, ha de fundarse en la terminación definitiva del asunto.

Es cierto que se dictó una orden teniendo al demandante por desistido de su acción con las costas, pero tal orden no es definitiva ni pone término al asunto mientras no se registre una sentencia, por exigirlo así el artículo 192 del Código de Enjuiciamiento Civil, comprendido en el Capítulo I, Título IX que trata de esas sentencias y confirmado en el caso de *Page* v. *Page,* 77 Cal., 83.

Además, ya hemos resuelto en varias ocasiones que mien-

tras no se ha registrado una sentencia definitiva, el asunto no está terminado. (Véanse los casos de *"La Compañía de Ferrocarriles* v. *La Línea Férrea del Oeste y otros,* decidido en 12 de mayo de 1905; *Otero* v. *Sucesión de A. Monroig,* 23 de febrero de 1909; *José la O. Cintrón* v. *Figueroa,* 16 diciembre, 1907.)

La ley de 12 de marzo de 1908, para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil, estatuye el procedimiento para determinar las costas después de una sentencia definitiva; y como ésta no existe en el caso presente, no estaba facultada la corte para fijarlas de acuerdo con la ley, por lo que cometió error.

Por los motivos expuestos, debemos desestimar la apelación interpuesta contra la resolución de 31 de agosto de 1910; y en cuanto a la otra apelación contra la de 12 de diciembre del año próximo pasado, debemos declarar con lugar el recurso y revocar la orden apelada.

*Resuelto de conformidad.*

Jueces concurrentes: Sr. Presidente Hernández, y Asociados Sres. MacLeary, Wolf y del Toro.