MIGUEL ANGEL MONTILLA, peticionario y apelante, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. JORGE L. CÓRDOVA, demandada y apelada. EL MISMO, demandante y apelante, *v.* CAROLA HAEUSSLER, demandada y apelada.

Núms. 8621 y 8646.—*Sometidos:* Enero 12, 1943. *Resueltos:* Febrero 11, 1943.

*Henry G. Molina* y *Hernán R. Franco,* abogados del apelante; *Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de la interventora, demandada en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El 12 de enero último se celebró la vista de estos recursos. Se sometieron por los mismos alegatos y las partes por sus abogados los argumentaron conjuntamente.

El primero se interpuso contra una resolución del juez de turno de esta Corte Suprema Sr. Snyder anulando el auto de *certiorari* que había expedido a instancias del demandante en cierto pleito de divorcio y el segundo contra una orden del juez de distrito dictada en el mismo pleito de divorcio y por virtud de la cual dejó sin efecto una orden que a su vez había dejado sin efecto la sentencia en rebeldía resolutoria del pleito. Cuando el auto de certiorari fué expedido no se había dictado aún la orden apelada pero sí cuando el juez de distrito fué notificado del mismo. Se trata, pues, de un solo caso. De ahí que hayamos resuelto considerar las cuestiones envueltas en una sola opinión aunque tengan que dictarse por separado las sentencias.

Para darnos cuenta exacta de lo ocurrido, fijaremos los hechos. Advirtiendo cierta discrepancia de fechas entre la

transcripción de los autos presentada y los autos originales mismos elevados en el certiorari, seguiremos las de los originales. En julio 2, 1942, Miguel A. Montilla por su abogado Hernán R. Franco radicó una demanda de divorcio en la Corte de Distrito de San Juan contra su esposa Carola Haeussler, por trato cruel, alegando la procreación en el matrimonio de dos hijos, Elsa María, de cuatro años, y Fernando, de dos.

Emplazada la esposa, no contestó. En julio 14, 1942, pidió el demandante al secretario de la corte que anotara su rebeldía, y diez días después se celebró la vista del pleito en cámara. Sólo compareció el demandante. Se practicó la prueba ofrecida por el mismo y acto seguido el juez dictó sentencia declarando roto y disuelto el vínculo matrimonial, debiendo quedar los hijos bajo la patria potestad del demandante.

Así las cosas, compareció en el pleito la demandada y presentó una moción pidiendo la modificación de la sentencia de julio 24 anterior en el sentido de que ''sin perjuicio del derecho de patria potestad que se concede al demandante sobre los dos hijos habidos en su matrimonio con la demandada,'' se le otorgue ''la custodia, el cuido y atención de dichos niños, bajo aquellas condiciones que en su discreción tenga a bien señalar esta honorable corte para asegurar el bienestar, la felicidad y la seguridad de los citados menores.'' El 13 de agosto de 1942 la corte ordenó que la moción se notificara al demandante y señaló el treinta y uno de dicho mes para oír a las partes y practicar la prueba que interesaren. La notificación se practicó el catorce.

Pendiente la vista de la moción, en agosto 24, 1942, el demandante, por sus abogados Hernán R. Franco y Henry G. Molina, presentó una moción notificada a los abogados de la demandada solicitando de la corte ''se sirva dejar sin efecto la sentencia dictada en este caso el día 24 de julio de 1942.'' Y la corte, el 26 de agosto, dictó una orden dejando sin efecto

la sentencia. Dos días después, en agosto 28, el demandante radicó otra moción desistiendo de su demanda.

En agosto 31 la demandada pidió a la corte que reconsiderara su orden de agosto 26 y restableciera la sentencia de julio 24, 1942, y la corte, el propio día, ordenó que se convocara a las partes para el 8 de septiembre para oírlas en relación con la moción.

También radicó la demandada otra moción en agosto 31 alegando que la vista de su moción sobre custodia de los hijos habidos en el matrimonio señalada para ese día, no se había celebrado y que dichos hijos habían vivido siempre en su compañía hasta el 29 de agosto en que el demandante se los llevó consigo, por todo lo cual pedía a la corte que dictara una orden disponiendo que los hijos continuaran bajo su custodia.

Al ser notificado el demandante en agosto 31, 1942, en la persona de su abogado Molina, de que la corte había ese día señalado el dos de septiembre para la vista de la última moción, protestó del corto tiempo concedido e hizo constar que para la fecha señalada tenía un juicio en la Corte Federal que no podía suspenderse debido a la próxima ausencia del juez de la misma.

En septiembre 1, 1942, la demandada archivó una moción haciendo constar su oposición a la moción del demandante sobre desistimiento del pleito, por los motivos que expresa.

El 2 de septiembre, día señalado para oír a las partes sobre la moción de la demandada de agosto 31 sobre custodia de los hijos, el demandante presentó una moción para anular las órdenes de la corte de agosto 31 o en todo caso para modificarlas adelantando la vista sobre la moción de reconsideración y posponiendo la de la moción sobre custodia de hijos.

La corte no accedió a esa petición del demandante y resolvió la petición de la demandada sobre custodia de los hijos el propio día 2 de septiembre de 1942 como sigue:

"Teniendo en cuenta la edad tierna de los dos niños y el hecho de que de los autos no aparece circunstancia alguna que justifique que se prive a la madre de su custodia, y no habiéndose aprovechado el demandante de la oportunidad que le dió esta corte de presentar su caso oportunamente, se declara con lugar la moción de la demandada y se concede a ésta la custodia provisional de los menores hasta nueva orden de esta corte, apercibiéndose al demandante de que de no acatar lo dispuesto en esta orden podrá ser procesado por desacato."

Luego, el ocho de septiembre de 1942, dictó la orden contra la cual se ha interpuesto apelación. Su último párrafo, copiado a la letra, lee así:

"Entendemos que cometimos error al dejar sin efecto la sentencia sin oír a la parte demandada, y por esa razón se deja sin efecto nuestra orden de agosto 26, 1942, que a su vez dejó sin efecto la sentencia de 24 de julio de 1942. Queda pendiente la moción del demandante solicitando se deje sin efecto la sentencia de julio ·24 de 1942. De haber comparecido el demandante en el día de hoy pudo haberse discutido y resuelto esta moción. En ausencia del demandante y sin haberle oído, preferimos no resolverla."

No seguiremos al apelante en todas las cuestiones que levantó en el recurso de certiorari ante el juez de turno. Nos limitaremos a la de falta de jurisdicción del juez de distrito para dictar su orden de septiembre dos sobre custodia de los hijos.

Sostuvo y sostiene el apelante en substancia que desde el momento en que radicó su escrito de agosto 28 desistiendo del pleito, dejó éste de existir y la corte actuó sin jurisdicción al decretar dentro del mismo que la custodia de los hijos quedara provisionalmente en la madre.

No tiene razón a nuestro juicio el apelante. Su moción de desistimiento no pudo producir el efecto que alega que produjo. De acuerdo con la ley y la jurisprudencia, aun cuando la corte hubiera dejado sin efecto su sentencia, habiéndose celebrado ya el juicio, el demandante no tenía por sí solo el poder absoluto de desistir.

"Se podrá desistir de una demanda . . .," dice el artículo 192 del Código de Enjuiciamiento Civil, "1. Por el mismo demandante en cualquier tiempo antes del juicio . . . " Y la jurisprudencia ha resuelto:

"Según el artículo 192 del Código de Enjuiciamiento Civil se podrá desistir de una demanda o declararse abandonada en varios casos, siendo el primero de ellos por el mismo demandante en cualquier tiempo antes del juicio, excepto en determinadas circunstancias, que no existen en este caso; y según el cuarto por la corte, cuando durante el juicio y antes de la resolución final del caso lo abandona el demandante.

"El caso primero citado autoriza a un demandante a desistir de su acción cuando presenta tal escrito antes del juicio; y como en este caso esa solicitud del demandante fué presentada después del juicio y mientras el pleito estaba sometido para su decisión final a la corte, ésta no estaba autorizada para dictar la sentencia que es objeto de esta apelación. *Heilin* v. *Castro,* 22 Cal. 102; *Casey* v. *Jordán,* 68 Cal. 246; *MacDermot* v. *Grant,* 181 Cal. 332; *State* v. *Riley,* de la Corte Suprema de Missouri, 118 S. E. 647. En el caso de MacDermot, supra, y en otros que en él se citan se interpretan las palabras 'antes del juicio' en el sentido de que significan 'antes de sumisión,' y dice que un caso ha sido sometido después que la corte lo ha tomado para su resolución al terminar la prueba y los argumentos." *Argüelles* v. *Cosme,* 44 D.P.R. 169, 170.

██ Además, no se había tomado acción alguna sobre la moción. La ley—artículo 192 del Código de Enjuiciamiento Civil ya citado—prescribe que "El desistimiento mencionado en los dos primeros párrafos se efectúa mediante la debida anotación en el libro de registro del secretario. Hecho esto se dictará sentencia de conformidad." Y la jurisprudencia en un caso más fuerte que éste ha resuelto:

"Es cierto que se dictó una orden teniendo al demandante por desistido de su acción con las costas, pero tal orden no es definitiva ni pone término al asunto mientras no se registre una sentencia, por exigirlo así el artículo 192 del Código de Enjuiciamiento Civil, comprendido en el Capítulo I, Título IX que trata de esas sentencias y confirmado en el caso de *Page* v. *Page,* 77 Cal. 83.

"Además, ya hemos resuelto en varias ocasiones que mientras no se ha registrado una sentencia definitiva, el asunto no está terminado. (Véanse los casos de *La Compañía de Ferrocarriles* v. *La Línea Férrea del Oeste y otros,* decidido en 12 de mayo de 1905; *Otero* v. *Sucesión de A. Monroig,* 23 de febrero de 1909; *José la O. Cintrón* v. *Figueroa,* 16 diciembre, 1907.)" *Hernández* v. *Blanco et al.,* 17 D.P.R. 574, 576.

La corte de distrito actuó en tal virtud con jurisdicción al dictar su orden de septiembre dos sobre custodia provisional de los hijos, como propiamente resolvió el juez de turno al anular en septiembre 23, 1942, el auto de certiorari que había expedido. La apelación interpuesta contra la resolución de dicho juez debe ser declarada sin lugar.

También debe serlo la establecida contra la orden de la corte de distrito de septiembre ocho. Su jurisdicción para seguir interviniendo en el pleito era clara, como acabamos de ver, y nada se ha alegado a nuestro juicio que demuestre que su actuación al dejar sin efecto su orden anterior dejando sin efecto la sentencia, fuera errónea.

Celebrado el juicio y dictada sentencia, no era lo propio dejarla sin efecto a instancia de una sola de las partes en el pleito, sin oír a la otra parte interesada o darle la oportunidad de ser oída. 34 C. J. 363. Y la resolución de la corte de septiembre ocho se dirigió a corregir su error, restableciendo el procedimiento al estado en que se encontraba inmediatamente después de dictada la sentencia. La sana discreción que tiene toda corte en estos casos fué de tal modo debidamente ejercitada. 34 C. J. 364.

Como expresamente lo consignó en la resolución apelada, la moción del demandante solicitando que se dejara sin efecto la sentencia, quedó de nuevo pendiente para ser considerada por la corte. La orden sobre custodia provisional de los hijos se dictó en atención a las circunstancias que en el momento concurrían, y expresamente lo fué hasta nueva orden de la corte. En aquel entonces la sentencia de divorcio se había dejado sin efecto. Nada ha sido prejuzgado definiti-

vamente en el pleito. Las puertas del tribunal de distrito quedaron abiertas para que ante él acudieran ambas partes a exponer su caso. Lo único que revela la actitud del tribunal de primera instancia es su deseo de administrar justicia dando a ambas partes igual oportunidad.

*Al declararse sin lugar ambos recursos, el pleito debe devolverse a la corte de su origen para ulteriores procedimientos de conformidad con la ley.*

El Juez Asociado Sr. Snyder no intervino.