ROSENDO ZEGARRA, JR., peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. JULIO SUÁREZ GARRIGA, JUEZ, demandada; CARMEN LÓPEZ DE VICTORIA, interventora.

Núm. 1634.—*Sometido:* Abril 8, 1946. *Resuelto:* Mayo 20, 1946.

*Enrique Báez García,* abogado del peticionario; *Fernando Zapater* y *R. Otero Suro,* abogados de la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Rosendo Zegarra, Jr. radicó demanda de divorcio por la causal de trato cruel e injurias graves contra su esposa Carmen López de Victoria ante la Corte de Distrito de Ponce el 18 de enero de 1945. El 25 de enero la demandada radicó una moción sobre alimentos provisionales y *litis expensas* y el 1ro. de febrero contestó la demanda negando todos los hechos alegados. Después de una vista sobre la moción y de acuerdo con la apreciación de la prueba la corte ordenó al demandante depositar mensualmente los días 25 de cada mes, en la secretaría de la corte, la suma de $125 para atender al pago de casa, alimentación, vestuario y otros gastos de la demandada y que depositara además, la suma de $100 como anticipo de los honorarios del abogado

de la demandada los cuales serían oportunamente liquidados por la corte. Posteriormente la pensión alimenticia fué rebajada primero a $100 y luego a $90 mensuales. Debido a que el demandante se retrasaba en depositar las pensiones mensualmente la demandada se vió precisada a iniciar dentro del caso, varios procesos por desacato, los cuales se transigieron antes o después de celebrarse las vistas correspondientes. Hubo un señalamiento del caso para juicio el cual hubo de suspenderse por no haber cumplido el demandante con la orden de la corte sobre alimentos.

El 20 de noviembre de 1945, día en que se celebraba la vista sobre una moción de desacato, el demandante radicó una moción solicitando de la corte le tuviera por desistido de la continuación de su acción de divorcio. La demandada se opuso y solicitó que la corte antes de desestimar la demanda, obligara al demandante a satisfacer todas las pensiones alimenticias hasta la fecha en que la corte dictara su orden y además de los $100 que como anticipo de honorarios del abogado de la demandada que el demandante no había consignado, debía fijar en la orden el importe razonable de dichos honorarios.

La corte se reservó el fallo sobre la moción de desacato y en cuanto al archivo y sobreseimiento solicitado por el demandante dispuso que se señalara para vista, señalamiento que se hizo para el día 27 de diciembre de 1945, fecha en que comparecieron las partes y solicitaron términos de diez y cinco días, respectivamente, para radicar alegatos, que les fueron concedidos. Mientras se tramitaba este incidente y hasta que lo resolvió la corte vencieron otras mensualidades de la pensión alimenticia sin que el demandante las consignara en corte y la demandada continuó radicando mociones sobre desacato.

El día 19 de febrero de 1946, fecha en que la corte inferior celebró una vista sobre la última moción de desacato y a la cual no asistió el demandante por haber sometido, por

telegrama, el incidente "con la misma prueba que incidente anterior solicitando archivo del caso", la demandada presentó prueba y la corte dictó la siguiente orden:

"Apareciendo que el demandante no ha hecho efectivas las pensiones alimenticias correspondientes a los meses de noviembre, diciembre y enero a razón de $90 mensuales, y

"Apareciendo que tampoco se ha consignado suma alguna para honorarios de abogado de la demandada,

"Apareciendo que se ha sometido a la Corte una moción solicitando que la corte ordene el sobreseimiento y archivo del caso por desistimiento del demandante, que es de fecha 16 de noviembre de 1945;

"Apareciendo que se citó al demandante para que compareciera en el día de hoy a mostrar las razones por las cuales no deba ser condenado por desacato por no haber cumplido con su obligación de pagar a la demandada las pensiones de los referidos meses; entendiendo la Corte que este caso no puede el demandante desistir del mismo hasta tanto haya hecho efectivas todas las pensiones y pagado los honorarios del abogado de la demandada, entendiendo la Corte que una suma de DOS CIENTOS CINCUENTA DÓLARES ($250) por todo el trabajo realizado por el abogado de la demandada, es una suma razonable;

"La Corte ordena que se notifique con copia de esta orden al demandante para que comparezca el día 4 de marzo de 1946, en persona ante esta Corte, a demostrarle a la Corte que ha pagado todas las pensiones alimenticias hasta ese día y $250 al abogado de la parte demandada, pensiones y honorarios que se ordena al demandante pagar antes que la Corte decrete el archivo y sobreseimiento de este caso, advirtiéndole que de no comparecer, o de comparecer sin haber cumplido con el pago de las pensiones y los honorarios de abogado, la Corte, sin más citarle ni oirle, resolverá el caso de desacato contra el demandante en ese día."

Para revisar esta orden expedimos, a petición del demandante en la corte inferior, el auto de *certiorari* en este caso.

■■ Sostiene el peticionario que de acuerdo con el artículo 192 del Código de Enjuiciamiento Civil, tiene derecho a desistir "libremente y sin limitación alguna" de su acción de divorcio ya que no existe ninguna reconvención ni contrademanda pendientes, y a que cesaran también los efectos de

la orden sobre alimentos y que la corte no tenía facultad para imponerle, además, como condición previa del desistimiento, el pago de las pensiones atrasadas y el importe de los honorarios del abogado de la demandada.

Todos los casos resueltos por esta Corte y las de otras jurisdicciones citadas por el peticionario en su alegato tienen como base la interpretación del artículo 192 del Código de Enjuiciamiento Civil(1), ó estatutos similares. Empero, el caso de autos fué resuelto a base de la Regla 41 de las Reglas de Enjuiciamiento Civil, que sustituyó en sus efectos el artículo 192, supra. Dicha regla, en su subdivisión (a) dispone lo siguiente:

Regla 41.—Desistimiento de Pleitos.
"(a) Desistimiento Voluntario; Sus Efectos.
"(1) Por el Demandante; Por Estipulación.—Sujeto a las disposiciones de la Regla 23(c), el demandante puede desistir de un pleito sin orden de la corte (I) mediante la radicación de un aviso de desistimiento en cualquier fecha *antes de que se le notifique la contestación,* o (II) mediante la radicación de una estipulación de desistimiento firmada por todas las partes que hayan hecho una comparecencia general en el pleito. A menos que de otro modo se exprese

---

(1)Este artículo dispone:
"Se podrá desistir de una demanda, o declararse abandonada en los casos siguientes:

"1. Por el mismo demandante en cualquier tiempo antes del juicio, previo pago de costas; salvo que mediase una reconvención, o que el demandado en su contrademanda o en la contestación, hubiere solicitado alguna resolución a su favor. Si se hubiese acordado alguna medida provisional, deberá el secretario entregar el documento de la fianza al demandado, quien podrá proceder contra el importe de la misma.

"2. Por cualquiera de las partes, mediante el consentimiento por escrito de las demás.

"3. Por la corte, cuando el demandante deje de comparecer en el juicio, y compareciendo el demandado, pida que se declare a aquél desistido.

"4. Por la corte, cuando durante el juicio y antes de la resolución final del caso, lo abandona el demandante.

"5. Por la corte, a moción del demandado, cuando en el juicio no presentare el demandante prueba suficiente para fundar sobre ésta una sentencia. El desistimiento mencionado en los dos primeros párrafos, se efectúa mediante la debida anotación en el libro de registro del secretario. Hecho esto se dictará sentencia de conformidad."

en el aviso de desistimiento o estipulación, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tiene el efecto de una adjudicación sobre los méritos cuando. es radicado por un demandante que ha desistido anteriormente en una corte de los Estados Unidos, estatal o insular de cualquier otra acción basada en o que incluya la misma reclamación.

"(2) Por Orden de la Corte.—Excepto como se provee en el párrafo (1) de esta subdivisión, *ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte y bajo los términos y condiciones que ella estime procedentes.* Si una reconvención ha sido alegada por un demandado antes de que se le notifique la moción del demandante para desistir, la acción no será desistida contra la objeción del demandado a menos que la reconvención pueda quedar pendiente para ser adjudicada independientemente por la corte. A menos que de otro modo se especifique en la orden, un desistimiento bajo este párrafo será sin perjuicio." (Bastardillas nuestras.)

Habiendo sido contestada la demanda por la demandada con anterioridad a la radicación de la moción de desistimiento del demandante, el caso se rige por el apartado (2), supra, el cual, como hemos visto, dispone que, bajo estas circunstancias " . . . ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte y bajo los términos y condiciones que ella estime procedentes."(²)

La interpretación que hasta ahora han dado las cortes federales a esta disposición es al efecto de que la misma concede a las cortes, en todas las acciones civiles, poder equitativo para imponer al demandante las condiciones que consideren justas antes de permitir que desista de su acción; que este poder, aunque judicial, es de naturaleza discrecional y que, en apelación, la revisión de dicho ejercicio de discreción judicial está limitada a determinar si las circunstancias concurrentes claramente demuestran un abuso de discreción. *Home Owners' Loan Corporation* v. *Huffman,* 134 F.2d 314, (C.C. A., 8th Cir. 1943); *Federal Savings & Loan Ins. Corp.* v.

---

(²)Esta frase en la Regla Federal dice: " . . . an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper."

*Reeves,* 148 F.2d 731, (C.C.A., 8th Cir. 1945); *Baker* v. *Sisk et al.,* 1 F.R.D. 232, (D. C. Eastern Dist. Okla. 1938); *McCann* v. *Bentley Stores Corp.,* 34 F. Supp. 234 (D. C. W. D. Mo. 1940); *Welter* v. *E. I. Du Pont De Nemours & Co.,* 1 F.R.D. 551 (D. C. D. Minn. Sec. Div. 1941); *U. S.* v. *Lyman,* 125 F.2d 67, (C.C.A. 1st Cir., 1942).

En el caso de *McCann* v. *Bentley Stores Corp.,* supra, se expresó el propósito de la nueva regla en esta forma:

"Considero que el inciso (2) de la Regla 41(a) es una de las más valiosas mejoras a la ley anterior lograda por las nuevas reglas. Antes de que entrara en vigor dicha regla sucedía con frecuencia (era permitido por las leyes de Missouri) que en un caso bien trasladado u originalmente radicado en esta corte, que estaba listo para fallo, después de haberse resuelto las mociones preliminares que habían sido vistas y sobre las cuales el demandante había presentado toda su prueba, y en que el demandado había traído testigos desde sitios lejanos e incurrido en grandes gastos, el demandante desistía de su acción en el momento en que la corte estaba lista para rendir un veredicto a favor del demandado. Al día siguiente (el demandante) podía iniciar nuevamente la misma acción. Y el procedimiento podía repetirse una y otra vez. Era una imposición ultrajante no sólo al demandado sino también a la corte. La Regla 41 ha hecho mucho para poner coto a este mal."

En el de *Home Owners' Loan Corp.* v. *Huffman,* supra, se había revocado una sentencia dictada a favor del demandante y se le impusieron las costas en apelación. Al devolverse el caso el demandante solicitó y obtuvo, *ex parte,* que se le diera por desistido de su acción. El demandado solicitó la reconsideración, de acuerdo con la Regla 41, y alegó que el desistimiento le exponía a una nueva acción por los mismos hechos y, desestimada su moción, apeló. La Corte de Circuito, después de exponer el fin de la Regla, resolvió que la contención del demandante de que el derecho del demandado al pago de costas por el demandante quedaba cumplido por la sentencia sobre costas carecía de méritos pues "una sentencia no es equivalente al pago," y que "En una moción del demandante para desistir sin perjuicio, las equidades del

demandante no están sujetas a consideración bajo la regla. Los términos y condiciones que la corte pueda imponer son para la protección de los derechos del demandado.''

En el caso de *Federal Savings and Loan Ins. Corp.* v. *First Nat. Bank, Liberty, Mo.*, 4 F.R.D. 313 (D. C. West. Dist. Mo., 1945) se dijo:

''Se observará que la regla no provee que la corte sólo está autorizada o sólo puede exigir el pago de costas. Si esa hubiera sido la intención de los que redactaron la regla hubiera sido fácil hacerlo así. La regla da poder a la corte para ejercitar su discreción al fijar los términos y condiciones independientemente de las costas estatutarias.''

En el de *Hannah* v. *Lowden*, 7 F.R.S. 635 (Dist. Ct. Okla., 1943), el demandante fué requerido, como condición al desistimiento de su acción sin perjuicio, a que pagara las costas del demandado, incluyendo honorarios de abogado y servicios notariales al tomar una deposición que había sido cobrada pero no pagada por el demandado y se resolvió, después de citarse varios de los casos antes mencionados, que:

''Con vista del razonamiento contenido en las autoridades citadas, además de la letra clara de la Regla 41 *a*, la corte es de opinión que las costas según sometidas por el demandado incluyendo $150 de honorarios de abogado y $10 de servicio notarial por tomar la deposición, deberá cargarse al demandante, y se ordena al demandante, como condición al desistimiento de dicho caso sin perjuicio, que pague las costas y gastos, según sometidos. Según se provee en una orden registrada, se concederán treinta días al demandante desde esta fecha para pagar dichas costas.''

De acuerdo con esta jurisprudencia, tenemos por lo tanto, que la interpretación que las cortes federales han dado a la Regla 41 *a* es unánime en el sentido de reconocer una amplia discreción a la corte en cuanto a los términos y condiciones que puedan imponer al demandante antes de que éste pueda desistir de su acción sin perjuicio cuando el demandado ya ha contestado la demanda. La imposición y pago previo de las costas y honorarios de abogado del demandado

es la condición más corriente. El fin que persigue la regla en este aspecto limitado es reembolsar al demandado los gastos en que ha incurrido inútilmente ya que, al desestimarse la demanda sin perjuicio, el demandante está en libertad de iniciar una nueva acción sobre los mismos hechos—no adjudicados en la primera acción en forma alguna—obligando al demandado. a incurrir en nuevos gastos y desembolsos para defenderse de la segunda acción.

En el caso de autos, por tanto, no tenemos duda de que la corte inferior tenía facultad para imponer al demandante la obligación. previa de pagar los honorarios del abogado de la demandada como condición del desistimiento de la acción. No puede sostenerse que abusó de su discreción al así hacerlo si tomamos en consideración, además, el hecho de que a pesar de que la corte ordenó al demandante, desde el 27 de febrero de 1945, depositar a favor de la demandada la suma de $100 como anticipo de los honorarios del abogado de la demandada, los cuales serían oportunamente liquidados por la corte, el demandante nunca cumplió con dicha orden.

Ahora bien, además del pago de los honorarios de abogado, la corte inferior impuso como condición previa al desistimiento, que el demandante satisficiera a la demandada las pensiones alimenticias atrasadas. Arguye el peticionario que el 20 de noviembre de 1945 cuando radicó su moción desistiendo de la demanda no debía ninguna pensión alimenticia a la demandada y, bajo la teoría de que desde dicha fecha ya había terminado el caso de acuerdo con el artículo 192 del Código de Enjuiciamiento Civil, que disponía que: "El desistimiento . . . se efectúa mediante la debida anotación en el libro registro del secretario" y hecho esto "se dictará sentencia de conformidad."

No tiene razón el peticionario. Ya hemos dicho que el caso se rige, no por el artículo 192, supra, sino por la Regla 41(a) de las nuevas reglas y por tanto el caso no ter-

mina hasta que, cumplidos por el demandante los términos y condiciones que haya impuesto la corte para conceder el desistimiento sin perjuicio se dicte la sentencia correspondiente.(³)

Cinco días después de radicada la moción de desistimiento por el demandante, o sea el 25 de noviembre, venció otra de las pensiones mensuales y así, sucesivamente, los días 25 de los meses de diciembre, 1945, y enero y febrero de 1946, vencieron otras y cada mes la demandada radicó sendas mociones sobre desacato. Fueron estas cuatro mensualidades a las que se refirió la corte inferior en la orden recurrida de febrero 19, 1946 y dispuso que fueran satisfechas por el demandante como condición para el desistimiento de la acción.

No aparece de autos el motivo por el cual la corte inferior no resolvió, antes del día 19 de febrero de 1946, la moción de desistimiento del demandante. Sí consta que en una vista celebrada el día 27 de diciembre el demandante solicitó y se le concedió un término de diez días para radicar un alegato, concediéndose a la demandada uno de cinco días, lo que demuestra que la moción quedó sometida a mediados del mes de enero. Consideramos que la tardanza de la corte inferior en resolver la moción no constituye un error de procedimiento que pueda ser revisado por certiorari. Bajo la interpretación que hemos dado a la Regla 41(a) tampoco cabe sostener, como pretende el peticionario, que la corte inferior actuó sin jurisdicción o que erró al imponer al deman-

---

(³) Aun bajo el artículo 192 del Código de Enjuiciamiento Civil, hemos resuelto que aun cuando se dicte una orden teniendo al demandante por desistido de su acción con las costas, tal orden no es definitiva ni pone término al asunto mientras no se registre una sentencia. *Hernández* v. *Blanco et al.*, 17 D.P.R. 574. Y en el caso de *Montilla* v. *Corte*, 61 D.P.R. 389, resolvimos, y citamos del sumario, que:

"Presentada una moción por el demandante desistiendo de un pleito de divorcio, sin llegarse a registrar la sentencia correspondiente, la corte conserva su jurisdicción para dictar cualquier providencia que se interese sobre la custodia provisional de los hijos habidos en el matrimonio."

dante como condición previa al desistimiento el pago de las pensiones atrasadas y los honorarios del abogado de la demandada.(4) Tampoco creemos que se excediera o abusara de su discreción al fijar dichas condiciones, especialmente si tomamos en consideración que el propio demandante admitió, en una vista celebrada el 20 de noviembre, que si bien el desistir de su acción no le relevaba de su obligación de sostener a su esposa, sí la obligaría a ella a iniciar otra acción para reclamar alimentos, y el hecho adicional de que la demandada declaró, en la vista celebrada el 19 de febrero, que el demandante vivía en concubinato con otra mujer en Mayagüez.

En cuanto a la última parte de la orden recurrida en que se hace constar que si el demandante no satisface las pensiones atrasadas y los honorarios de abogado antes del día 4 de marzo de 1946, "la corte, sin más citarle ni oírle, resolverá el caso de desacato contra el demandante en ese día," consideramos que si bien la corte estuvo justificada en su actuación por el hecho de no haber comparecido el demandante a la vista sobre desacato señalada para el 19 de febrero, la situación actual del caso, debido a la tramitación del presente recurso, ha dejado sin efecto dicha disposición. Cualquier actuación ulterior de la corte inferior deberá hacerse con oportunidad de oír debidamente al demandante.

*Se desestima la petición y anula el auto expedido.*

---

(4) Aun bajo estatutos similares al artículo 192 del Código de Enjuiciamiento Civil, se ha resuelto que la corte puede imponer, como condición al desistimiento solicitado por el demandante, que pague las pensiones alimenticias atrasadas y los honorarios de abogado además de las costas. Véanse los casos citados en la anotación contenida en 138 A.L.R. 1100, especialmente a las páginas 1110 y siguientes.