El Juez Asociado Sr. De Jesús no intervino.

JUAN DE JESÚS MONTALVO, demandante y apelado, *v.* JULIO FREYRE, demandado y apelante.

Núm. 9649.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 16, 1948.

*A. Ramírez Silva,* abogado del apelante; *A. Quirós Méndez,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 19 de marzo de 1947 el demandante radicó pleito ante el Tribunal de Distrito de San Juan contra el demandado por incumplimiento de contrato y daños y perjuicios provenientes del mismo. El 15 de mayo de 1947 el demandado solicitó la desestimación por el fundamento de que como ésta es una acción personal y el demandado reside en Mayagüez, el caso debe radicarse ante la corte de distrito de esa ciudad. El 15 de septiembre de 1947 el demandante radicó una moción donde exponía los dos hechos antes mencionados. Decía también que no se había radicado contestación alguna, y que el demandante "se allana a la moción de desestimación" de acuerdo con la Regla 41 de las de Enjuiciamiento Civil. Solicitaba una resolución archivando el caso, sin especial condenación de costas. El mismo día el tribunal de distrito dictó resolución declarando con lugar la moción en vista del hecho de que no se había radicado contestación alguna.

El 24 de septiembre de 1947 el demandado solicitó la reconsideración. Alegó que no fué notificado de la moción del demandante; que la Regla 41(a)(2) y no la Regla 41(a)(1) era la aplicable al presente caso; que bajo la Regla 41(a)(2) ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte y bajo los términos y condiciones que ella estime procedentes; que el demandado debió ser oído sobre los términos y condiciones de la resolución archivando el caso; y que el demandado tiene derecho a que se le reembolsen los gastos y honorarios de abogados como condición de la resolución ordenando el archivo. Afirma que esto es particularmente cierto porque mientras el pleito en San Juan estaba aún pendiente, el demandante radicó otro en Mayagüez, cuyo archivo había solicitado por estar pendiente en San Juan otro pleito entre las partes que trataba de la misma cuestión.

El tribunal de distrito declaró sin lugar la moción de reconsideración. El demandado apeló de la resolución archivando el caso y de la resolución declarando sin lugar su moción de reconsideración.

■■ En apelación, la única cuestión envuelta es si la corte inferior correctamente aplicó la Regla 41 a los hechos de este caso. La Regla 41(*a*)(1) provee que " . . . el demandante puede desistir de un pleito sin orden de la corte (I) mediante la radicación de un aviso de desistimiento en cualquier fecha antes de que se le notifique la contestación . . . ". La Regla 41(*a*)(2) dispone que "Excepto como se provee· en el párrafo (1) de esta subdivisión, ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte y bajo los términos y condiciones que ella estime procedentes."

Convenimos con el tribunal de distrito en que el caso cae bajo la Regla 41(*a*)(1) en vista del hecho de que no se había radicado contestación a la demanda. Es inmaterial el hecho de que el demandante designara su moción como allanamiento a la moción de desestimación del demandado más bien que un aviso de desistimiento voluntario. El efecto del documento fué que operara como un aviso de desistimiento. Y la resolución desestimatoria, según indicó correctamente el tribunal de distrito, era superflua.

■ Además, el tribunal de distrito, al declarar sin lugar la moción de reconsideración del demandado, asumió que la Regla 41(*a*)(2) era aplicable. Aun bajo dicha disposición, los términos y condiciones del desistimiento descansan en la discreción de la corte de distrito. Y ésta resolvió que bajo las circunstancias del presente caso era propio ordenar el desistimiento del caso de San Juan sin especial condenación de costas. Solamente en caso de que el tribunal de distrito abusara de su discreción podría este tribunal intervenir con su resolución. *Zegarra* v. *Corte*, 66 D.P.R. 148. Aquí no encontramos tal abuso de discreción.

*Las resoluciones del tribunal de distrito ordenando el archivo del caso y declarando sin lugar la moción de reconsideración del demandado, serán confirmadas.*

El Juez Asociado Sr. De Jesús no intervino.