Esteban Rivera y Otros, demandantes y apelantes, *v.* Ramón Meléndez Tabales y Otros, demandados y·apelados.

Núm. 10047.—*Sometido: Noviembre* 7, 1949. *Resuelto:* Enero 13, 1950.

*Francisco González, Jr.,* abogado de los apelantes; *Faustino R. Aponte,* abogado de los apelados.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Los demandantes iniciaron acción civil reivindicatoria el 21 de octubre de 1948. El 4 de noviembre del mismo año los demandados solicitaron la desestimación de la demanda por no aducir ésta hechos constitutivos de causa de acción toda vez que de la faz de la misma surgía que la acción estaba prescrita y que los demandados habían adquirido el dominio de la finca descrita en la demanda por prescripción adquisitiva extraordinaria de treinta años. El 14 de febrero de 1949 los demandantes radicaron moción informando a la corte que no deseaban seguir adelante con su acción, solicitando se dictara sentencia teniéndoles por desistidos a todos los efec-

tos legales pertinentes, y con los pronunciamientos procedentes. El 13 de abril siguiente la corte inferior, invocando la Regla 41(a)(2) de las de Enjuiciamiento Civil, dictó sentencia teniendo a los demandantes por desistidos de su acción, sin perjuicio, condenándolos al pago de costas y $100 de honorarios de abogado. No conformes, interpusieron el presente recurso, y en su alegato señalan como único error el que la corte inferior les condenara al pago de costas y honorarios de abogado, actuando erróneamente bajo la Regla 41(a)(2) en lugar de la 41(a)(1).

■■ Tienen razón los apelantes. Su moción de desistimiento, sin que hubieran los demandados radicado contestación alguna, constituye el aviso de desistimiento provisto por la Regla 41(a)(1). La resolución desestimatoria—o sentencia—era, por lo tanto, superflua, *De Jesús* v. *Freyre,* 68 D.P.R. 939, ya que el desistimiento voluntario que contempla la dicha Regla 41(a)(1) mediante el aviso de desistimiento, opera por sí sin necesidad de orden de la corte, y el que se hubiere presentado por los demandados moción de desestimación no impedía a los demandantes seguir dicho trámite. 3 Moore's *Federal Practice,* ed. 1938, sec. 41.01, pág. 3037; Id. Supp. (1948), sec. 41.01, pág. 52 y notas 11*b* y 12; Benders *Federal Practice Manual,* Regla 41 pág. 250 *et seq.* y notas.[1] En consecuencia fué error de la corte inferior, actuando bajo la autoridad de la Regla 41(a)(2)—que autoriza a fijar los términos y condiciones para el desistimiento cuando éste no se realiza según la 41(a)(1)—imponer costas y honorarios de abogado como condición al desistimiento.

*La resolución desestimatoria será modificada eliminando de la misma el pronunciamiento de costas y honorarios de abogado, y así modificada será confirmada.*

[1]La 41(a)(1) de las Reglas Federales de Enjuiciamiento Civil, antes de ser enmendada por orden del Tribunal Supremo de Estados Unidos de fecha 27 de diciembre de 1946, era idéntica a la 41(a)(1) de nuestras Reglas de Enjuiciamiento Civil en tanto autorizaba el aviso de desistimiento voluntario en cualquier momento antes de notificarse la contestación. La enmienda a la Regla Federal indicada permite el aviso de desistimiento en cualquier momento antes de notificarse la contestación o una *moción para sentencia sumaria.*