# 95 DTA 180

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE MAYAGUEZ Y AGUADILLA

DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
Recurrido

v.

RAMON MORALES H/N/C SUPER ESTACION ISLA
Peticionario

Núm. KLAN-95-00460

San Juan, Puerto Rico, a 20 de junio de 1995

Panel integrado por su Presidente, Juez Brau Ramírez
y los Jueces Rodríguez Maldonado y Colón Birriel

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Se nos solicita que revisemos la resolución emitida el pasado 5 de abril de 1995 por el Tribunal de Primera Instancia, Subsección de Distrito de San Germán. Mediante ese dictamen se le ordenó al peticionario, Ramón Morales, comparecer ante dicho foro para mostrar causa por la cual no se le debía ordenar el cumplimiento de lo dispuesto en la resolución y orden emitida el 3 de abril de 1990 por el Departamento de Asuntos del Consumidor *("D.A.C.O."),* imponiéndole el pago de $10,200.00 en concepto de multas administrativas.

Surge de la resolución y orden emitida que el día 20 de marzo de 1990 D.A.C.O. celebró una vista administrativa para dilucidar alegadas violaciones por parte del peticionario, al Reglamento de Precios Núm. 45 primera enmienda del 23 de julio de 1976, artículos 6 y 8, a la Orden para fijar Márgenes de Beneficio Bruto y Precios en la venta de Gasolina en Puerto Rico del 1 de diciembre de 1989 y violación a las disposiciones de la Ley 145 del 27 de junio de 1968, Secciones 6d, 12 y 23. A base de la evidencia presentada en la vista, D.A.C.O. concluyó que el peticionario había incurrido en las infracciones imputadas, imponiéndole el pago de $10,200.00 en concepto de multas administrativas. El 20 de abril de 1990 el peticionario solicitó reconsideración de las multas impuestas alegando violación al debido procedimiento de ley. El 4 de mayo de 1990 D.A.C.O. emitió resolución declarando *"No Ha Lugar"* a la reconsideración solicitada. Se apercibió al peticionario de su derecho a instar el correspondiente recurso de revisión ante el Tribunal Superior competente dentro de los siguientes treinta (30) días de notificada la resolución, la que fue notificada el 4 de mayo de 1990. El peticionario dejo transcurrir el término para instar el recurso de revisión ante el

Tribunal Superior, adviniendo final y firme la resolución emitida por D.A.C.O.

Así las cosas, el 9 de abril de 1992 D.A.C.O., de conformidad con lo dispuesto en 3 L.P.R.A. 3411(e), presentó un recurso ante el Tribunal de Primera Instancia, solicitando una orden para que el peticionario cumpliera con su resolución y orden del 3 de abril de 1990.

Por otro lado, el 14 de octubre de 1992 el peticionario presentó ante D.A.C.O. un escrito solicitando se dejara sin efecto la resolución y orden emitida el 3 de abril de 1990 y se le relevara de las penalidades impuestas, todo ello al amparo de lo dispuesto en la Regla 49.2 de las de Procedimiento Civil, 31 L.P.R.A. Ap. III. Ante esta situación D.A.C.O. presentó el 19 de octubre de 1992 ante el Tribunal de Primera Instancia, una solicitud de desistimiento sin perjuicio, presumimos al amparo de la Regla 39.1 de las de Procedimiento Civil. Expresó la representación legal de D.A.C.O., que desistía de la acción judicial entablada por razón de que la parte peticionaria, había radicado una moción al amparo de la Regla 49.2 de las de Procedimiento Civil y *"que ello impedía que continuemos con los procedimientos en el nivel judicial hasta tanto la agencia entienda en dicha moción y emita el correspondiente dictamen."*, inciso 2 de la moción. La solicitud de desistimiento sin perjuicio fue acogida favorablemente por el tribunal, emitiendo Sentencia de Archivo Por Desistimiento el 22 de octubre de 1992.

## II

Con fecha 22 de junio de 1994 luego de otro período de inacción en los procedimientos, D.A.C.O. por segunda ocasión radica ante el Tribunal de Primera Instancia, Subsección de Distrito de San Germán, una petición en la que solicita que se emita una orden para que el peticionario cumpla con su resolución y orden del 3 de abril de 1990. Finalmente, luego de varios trámites procesales, el 5 de abril de 1995 el referido tribunal emite la resolución que es objeto del presente recurso. Inconforme con esta resolución, el peticionario acude ante nos imputándole dos errores al Tribunal de Instancia en los cuales plantea, en esencia, que dicho tribunal no tenía jurisdicción para emitir la misma.

Como primer fundamento para cuestionar la jurisdicción del Tribunal de Primera Instancia, el peticionario plantea que estando presentada ante D.A.C.O. su moción de relevo del 14 de octubre de 1992, y habiendo D.A.C.O. desistido de su acción judicial el 19 de octubre del mismo año como consecuencia de su moción, tales circunstancias impiden que D.A.C.O. pueda recurrir nuevamente, ante el Tribunal de Instancia luego de transcurrido un año y seis meses desde su desistimiento el 19 de octubre de 1992. No tiene razón.

Nos preguntamos: ¿Qué consecuencia procesal, si alguna, tuvo la moción de relevo radicada el 14 de octubre de 1992 por el representante legal del peticionario ante D.A.C.O., solicitando se dejare sin efecto y se relevare a éste de las penalidades administrativas impuestas?

La Regla 49.2 de las de Procedimiento Civil es por analogía aplicable a los procedimientos administrativos. *Romero Santiago v. F.S.E., D.P.R. ,* **90 JTS 32.** Esta regla dispone, en lo pertinente lo siguiente:

*"[L]a moción se presentará dentro de un término razonable, **pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento** (Subrayado nuestro). Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos..."*

La moción al amparo de la Regla 49.2 para relevar a una parte de una sentencia, orden o procedimiento, por error o inadvertencia, debe radicarse dentro de un término razonable, el cual no podrá exceder de seis (6) meses a partir de la fecha en que la sentencia fue dictada.

*Great Amn. Ins. Co. v. Corte,* 67 D.P.R. 564 (1947); *Pueblo v. 632 Metros Cuadrados de Terreno,* 74 D.P.R. 961 (1953); *Alcázar v. Corte,* 67 D.P.R. 727 (1947). El término de seis meses es fatal en su acción extintiva de derecho. *Sec. del Trabajo v. Tribunal Superior,* 91 D.P.R. 864 (1965); *Municipio de Coamo v. Tribunal Superior,* 99 D.P.R. 932 (1971).

La Regla 49.2 es categórica en su disposición de que la moción *"se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Romero Santiago v. F.S.E., supra.* Dicho término no ha variado desde que se regía esta materia por el Artículo 140 del Código de Enjuiciamiento Civil. Dicho término se computará a base de 180 días. *Rosario Rodríguez v. E.L.A.,* 122 D.P.R. 554 (1988).

En el caso ante nos el peticionario presentó su moción de relevo de sentencia el 14 de octubre de 1992, o sea pasados más de 180 días desde que se archivó y certificó la última resolución emitida por D.A.C.O., el 4 de mayo de 1990. Como consecuencia de ello D.A.C.O. carecía de jurisdicción para considerar y adjudicar la moción del peticionario, de haberlo hecho hubiera actuado sin facultad para ello.

Procede, entonces, analizar las consecuencias procesales que tuvo la petición de desistimiento radicada por D.A.C.O., ante el Tribunal de Primera Instancia, el 19 de octubre de 1992.

Una moción de desistimiento radicada cuando aún los demandados no han radicado contestación alguna constituye el aviso de desistimiento provisto por la Regla 39.1 (a)(1) de las de Procedimiento Civil, 32 L.P. R.A. Ap. III R. 39.1. *Rivera v. Meléndez,* 70 D.P.R. 768. En el caso ante nos la referida moción de desistimiento fue radicada ante el tribunal de instancia antes de que el peticionario radicase contestación alguna a la petición presentada por D.A.C.O.

La Regla 39.1 (a)(1) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III dispone, en lo pertinente, lo siguiente:

*"....un demandante podrá desistir de un pleito sin orden del Tribunal.* ▇ *mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero".* (Enfasis suplido)

Se ha interpretado que al amparo de la Regla 39.1 (a)(1) el demandante tiene derecho a desistir de la tramitación de la acción. *"Para el actor desistente, en realidad constituye un privilegio procesal inmune a la imposición de términos o condiciones, a menos que él se los imponga en su propio aviso.* **Causa la inmediata terminación del litigio que inició, pero la causa de acción o reclamación ejercitada no se extingue; puede reclamarla una vez más.** *Su completa efectividad se adquiere tan pronto se presenta en el tribunal al aviso declarativo de la voluntad de desistir; toda orden o resolución desestimatoria resulta supérflua. "* (Enfasis suplido). J. Cuevas Segarra, *Práctica Procesal Puertorriqueña,* **Publicaciones JTS**; 1985, Vol. II, pág. 202, *Kane v. República de Cuba,* 90 D.P.R. 428 (1964)▇▇

Por tanto está claro que un desistimiento bajo este inciso es uno sin perjuicio, lo que le brinda la oportunidad al actor desistente de entablar nuevamente la acción desistida ante el foro competente. Ahora, dicho derecho no es uno absoluto, o sea, esto es así, siempre y cuando dicha acción o el derecho que se reclama no haya prescrito. El término de prescripción de la reclamación en cuestión, comenzará a transcurrir nuevamente a partir de la fecha en que se presenta ante el Tribunal el aviso de desistimiento. *Belinda García Aponte v. E.L.A.,* ___ D.P.R. ___, **94 JTS 14.**

El caso ante nos trata del cobro de unas multas impuestas mediante una resolución administrativa que advino final y firme hace más de 4 años. La acción para hacer cumplir o poner en vigor dicha resolución administrativa no tiene un término de prescripción especial señalado por ley. En cuanto a este particular, se ha sostenido que, cuando la ley no fija el término prescriptivo de determinada acción o derecho, debe aplicarse el más análogo, *Lozada Torres v. Collazo,* 111 D.P.R. 702 (1981); sin embargo, es criterio uniformemente mantenido aplicar el término de 15 años a tenor con lo dispuesto en el Artículo 1864 del Código Civil, 31 L.P.R.A. Sec. 5294; *R.P. Farnsworth & Co. v. Puerto Rico Urban Renew. & H. Corp.,* 289 F. Supp. 666 (1968).

El término prescriptivo más análogo, de aplicación al caso que nos ocupa, sería el dispuesto para hacer cumplir las obligaciones declaradas por sentencia. Sobre el cual se ha resuelto jurisprudencialmente, que al no tener término expresamente señalado, le es de aplicación el de 15 años, contados, a partir de que la sentencia advino final y firme. *Padilla v. Vidal,* 71 D.P.R. 517 (1950); *Guadalupe v. Rodríguez,* 70 D.P.R. 958 (1950).

En el caso ante nos, D.A.C.O. desistió al amparo de la Regla 39.1 (a)(1) de las de Procedimiento Civil el 19 de octubre de 1992. Siendo ello así y en vista de lo expresado anteriormente, entendemos que D.A.C.O. tenía derecho a acudir ante el Tribunal de Primera Instancia para poner en vigor su resolución y orden del 3 de abril de 1990, por no haber transcurrido más de 15 años desde que presentó su moción de desistimiento, el 19 de octubre de 1992.

### III

Como segundo fundamento para cuestionar la validez de la resolución emitida por la Subsección de Distrito de San Germán, el peticionario señala que erró dicho foro al asumir jurisdicción en un procedimiento de la jurisdicción del Tribunal Superior.

La Sec. 2, Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, dispone, en lo pertinente, lo siguiente:

*"Los tribunales de Puerto Rico constituirán un **sistema judicial unificado** en lo concerniente a jurisdicción, funcionamiento y administración."* (Subrayado nuestro.)

Contrario a lo planteado por el peticionario no se trata aquí de una cuestión de jurisdicción sino de competencia. *Ramírez v. Registrador,* 116 D.P.R. 541 (1985)█

No obstante lo anterior, el peticionario basa su contención en lo establecido en el artículo 13 de la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 L.P.R.A. sec. 3411 (e), que dispone, en lo pertinente, lo siguiente:

*"El Secretario podrá recurrir al Tribunal Superior de Puerto Rico en solicitud que se ponga en vigor cualquier orden de cesar y desistir por él emitida o cualquier orden correctiva. El incumplimiento de una orden judicial declarando con lugar tal solicitud constituirá desacato al Tribunal."*

Por otro lado la Ley Núm. 92 del 5 de diciembre de 1991 █ que enmendó la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 1952, dispone en su Artículo 5 sec. 18, los asuntos en lo civil que conocerá el Tribunal de Distrito. En su inciso 8 el mencionado artículo señala que dicho tribunal conocerá: *"De toda solicitud del Departamento de Asuntos del Consumidor para poner en vigor sus órdenes."* La mencionada ley dispone, además, en su artículo 9 como sigue:

*"Toda ley o parte de ley que se ponga o sea incompatible a la presente queda por ésta*

*derogada."*

Forzoso es concluir que la citada sección 3411 (e) de la Ley Orgánica del Departamento de Asuntos al Consumidor, quedó derogada tácitamente por oponerse la misma a la Ley Núm. 92, del 5 de diciembre de 1991, *supra.*

Como consecuencia de ello, entendemos que el Tribunal de Primera Instancia, Subsección de Distrito de San Germán, tenía tanto la jurisdicción como la competencia necesaria para emitir la resolución apelada y ordenar el cumplimiento de lo solicitado por D.A.C.O.

Por otro lado, determinamos que el recurso presentado resulta ser uno frívolo y la razón de su presentación lo fue dilatar los procedimientos, en adición de ser uno sumamente confuso y desorganizado, por lo que se le impone a la representación legal del peticionario conforme a la Regla 51 (B) y (D) de nuestro reglamento █ una sanción económica de $200.00 a favor del Estado. Dicha sanción deberá ser satisfecha depositando en la Secretaría de este Tribunal sellos de rentas internas por el valor especificado dentro del término de diez (10) días siguientes de la notificación, so pena de sanciones más severas.

En vista de lo anterior y por los fundamentos expresados se deniega la expedición del recurso solicitado.

· Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 180

**1.** El recurso presentado aunque denominado *"apelación"*, no puede ser considerado como tal. En estricto derecho el recurso apropiado para revisar la resolución emitida por el Tribunal de Primera Instancia lo es el recurso de *CERTIORARI* y no el de apelación. Los requisitos de ese recurso se establecen en la Regla 18 del Reglamento del Tribunal de Circuito de Apelaciones. El recurso presentado cumple con los requisitos de la citada regla, por lo que procederemos a considerarlo como tal.

**2.** Aun cuando en el citado caso se interpreta la Regla 39.1 de 1958, la norma en él adoptada continúa vigente y es, por tanto, de aplicación al caso ante nos, pues el texto de la regla anterior corresponde sustancialmente al de la regla vigente.

**3.** La acción Hipotecaria prescribe a los veinte años y las personales que no tengan señalado término especial de prescripción, a los quince - Código Civil, 1930, Art. 1864.

**4.** Aun cuando en el citado caso se interpreta la sección primera de la Ley de la Judicatura de 1952, la norma en él adoptada continua vigente y es de aplicación al caso ante nos.

**5.** Esta ley entre otras cosas modificó las áreas de competencia en las secciones del Tribunal Superior y de Distrito.

**6.** Reglamento del Tribunal de Circuito de Apelaciones aprobado el 13 de enero de 1995.